**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LISA ANGEL,
                           Plaintiff,

        - against -

THE COUNTY OF NASSAU,
                           Defendant.
-----------------------------------------------------------X

**JURY INSTRUCTIONS**

CV 02-5817 (JO)

      Ladies and gentlemen of the jury, you have now heard all the evidence in the case as well as the attorneys' final arguments.  I will now instruct you on the law.

      Briefly stated, plaintiff Lisa Angel contends that she was sexually harassed by her employer the County of Nassau through the conduct of her supervisor Kirby Thompson, which created a hostile work environment in violation of federal and state law.  She also contends her employer, the County of Nassau failed to promote her, changed her hours and duties, and later threatened to fire her because she complained of the sexual harassment to her supervisors, filed grievances, and brought a lawsuit against the County of Nassau.  The defendant County of Nassau contends that the plaintiff's work environment was not hostile or abusive, that all of the employment decisions made with respect to Lisa Angel were made for legitimate non-discriminatory reasons rather than as retaliation, and that some of those decisions were not even adverse actions.  These competing versions of the facts raise factual issues for you, the jurors, to decide.

      My instructions will be in three parts:

    **First**:        I will give you instructions regarding the general rules that
                       define and govern the duties of a jury in a civil case;

**Second**:    I will instruct you as to the legal elements of the claims in this case;

**Third**:    I will give you the some closing instructions for conducting your deliberations as jurors.

I will provide you with a copy of my full instructions in the jury room to consult during your deliberations, so please do not think that you need to take notes while I am talking to you. Also, as I am talking to you I will show some slides on the screen to summarize key concepts, but please keep in mind that they are merely a guide to help you follow what I am saying here in the courtroom. I do not meant to suggest that there is any difference between what I say in these instructions and what is on the screen, but if you are unsure, keep in mind that it is the full set of instructions that you must follow, and not the summaries on the screen.

# I.  YOUR DUTIES AS JURORS

A. <u>The Role of the Jury</u>

It is your responsibility and duty to find the facts from all the evidence in this case.  You are the sole judges of the facts – not counsel and not the court.  That fact-finding role is very important.  It is for you and you alone to pass upon the weight of the evidence:  you will resolve any conflicts you may see in the evidence and you will draw whatever inferences you deem to be reasonable and warranted from the evidence or lack of evidence.  With respect to any questions concerning the facts it is your recollection of the evidence and yours alone that controls.

B. <u>The Definition of Evidence</u>

    1. <u>What Is Evidence?</u>

You must decide the facts of this case based only on the evidence.  Evidence can come in several different forms:

> <u>Sworn testimony of witnesses</u> – Witness testimony can come from direct examination or cross-examination, and all of it is evidence regardless of who called the witness.
>
> <u>Exhibits</u> – Documents, photos or other items that were received during the trial are also evidence, again regardless of who offered the exhibits.
>
> <u>Stipulations, or agreed facts</u> – If both sides agree on a fact, they can simply have their attorneys say so, and then there is no need to produce any further evidence on that point.  Their agreement is sufficient evidence for you to find the fact to be proven.  There are no stipulated facts in this case.

    2. <u>What Is Not Evidence?</u>

Some of the things you heard during the trial are not evidence.  You must disregard them in deciding what the facts are.  These include:  arguments or statements by lawyers; objections to

questions; testimony that I have excluded, stricken or instructed you to disregard; and <u>anything</u> you may have seen or heard outside the courtroom.

C.    <u>Direct And Circumstantial Evidence</u>

Now that you know what is and is not evidence, you should understand that there are two different types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case, and you should not assume that one type is necessarily better or worse than the other.

<u>Direct evidence</u> is testimony from a witness about something he knows from his own senses – something he has seen, felt, touched, or hear.

<u>Circumstantial evidence</u> is evidence of one fact, or set of facts, that points to the existence or non-existence of another fact that you are trying to determine. Here is a simple example of circumstantial evidence:

> Suppose you came to court on a day when the weather was clear and dry. After spending several hours in this courtroom, you see a person come in wearing a wet raincoat, and another person come in shaking a wet umbrella. Since we don't have any windows in this courtroom, you can't look outside to see if it's raining – in other words, you don't have any direct evidence. But from the circumstances you observe – the wet raincoat and umbrella – you might infer that it is raining.

That is all there is to circumstantial evidence. On the basis of reason and experience and common sense, you infer the existence or non-existence of a fact from one or more established facts. You are permitted to do that – to draw inferences from facts that you find to be proven – to the extent you think those inferences are reasonable and justified in light of you common sense and experience. But keep in mind that you are not permitted simply to guess or speculate.

D.  Deciding What Testimony to Believe

In deciding what the facts are, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe, and also how much weight to give to the testimony. In making that decision, there are a number of factors you may take into account, including the following:

– The witness's opportunity to observe the events he or she described;

– The witness's intelligence and memory;

– The witness's manner while testifying;

– Does the witness have any interest in the outcome of the case? Does the witness have any bias or prejudice concerning any part of the matter involved in this case?

– Is the witness's testimony reasonable in the light of all the evidence in the case?

If you find that a witness's testimony is contradicted by what that witness has said or done at another time, or by testimony of other witnesses, you may disbelieve all or any part of the witness's testimony. But in deciding whether or not to believe the witness keep a couple of things in mind. First, people sometimes forget things. A contradiction may be an innocent lapse of memory, or it may be an intentional falsehood. If you think there is a contradiction, ask yourself whether it has to do with an important fact or only a small detail. Second, different people observing the same event may remember it differently and therefore testify about it differently.

If you find that any witness, including a party, has willfully testified falsely to any material fact, in whole or in part, you may disregard not only that particular statement, but you may also, if you find it appropriate, disregard all of his or her testimony as not worthy of belief.

E.  <u>No Sympathy Or Bias</u>

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party. Both parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. All parties are equal before the law, and you should assume that this case is important to all concerned.

F.  <u>The Burden of Proof – Preponderance of the Evidence</u>

In a civil action such as this, the plaintiff has the burden of proving the essential elements of her claim against the defendants by a <u>preponderance of the evidence</u>.

To establish a claim by a preponderance of the evidence means simply to prove that something is more likely than not. A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase "preponderance of the evidence," refers to the <u>quality</u> of the evidence – the weight and effect it has on your minds.

If the evidence that supports the plaintiff's claim, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what it seeks to prove is more likely true than not true, you must find for the plaintiff. If the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, then you must return a verdict in favor of the defendant.

I will now explain to you the legal standards that govern the particular claims before you in this case.

## II.  THE LEGAL ELEMENTS OF THE CLAIMS

Ms. Angel brings her claims under both a federal law known as Title VII of the Civil Rights Act of 1964 and New York State Human Rights law, each of which prohibits employers from discriminating against an employee on the basis of sex, among other things.  Both laws set the same standard for you in determining whether Ms. Angel has proved her claim, and I will not distinguish between the two laws in these instructions.

A. The Sexual Harassment - Hostile Work Environment Claim

The federal and state laws prohibiting workplace discrimination encompass sexual harassment that results in a hostile or abusive work environment.  In order to prove a claim of hostile-work-environment sexual harassment, the plaintiff must establish two elements by a preponderance of the evidence:

> **First**: **The plaintiff must show that there was sexual harassment that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.**

A hostile work environment claim is not established by proof of conduct that was merely offensive, rather it requires proof of unwelcome harassment of a sexual nature or based on a person's sex that is sufficiently severe or pervasive that a reasonable person would find the environment hostile or abusive.  Whether an environment is hostile or abusive can be determined only by looking at all the circumstances of the case.  These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  The effect on the employee's psychological well-being, of course, is relevant to determining whether the plaintiff actually found the environment abusive.  But while

psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Whether a workplace is hostile has both subjective and objective components. It must be approached from both a reasonable woman's standpoint, which is an objective standard, as well as the plaintiff's own subjective perception. In other words, to establish that she was subjected to a hostile work environment, the plaintiff must prove both that a reasonable woman would find the environment hostile and abusive because of the alleged sexual harassment and that she herself actually perceived it to be that way. These determinations can only be made by considering the totality of the circumstances and all the evidence in the case, both direct and circumstantial.

> **Second**: **The plaintiff must show a specific basis for imputing the hostile work environment to the employer – the County of Nassau.**

I instruct you that an employer is presumed to be responsible where the perpetrator of the harassment was the victim's supervisor – either her immediate supervisor or one with higher authority over the plaintiff.

So the two elements of the hostile work environment claim are: (1) proof that the sexual harassment occurred and was sufficient to change the conditions of employment; and (2) that the harasser was the victim's supervisor.

    B.    <u>The Retaliation Claim</u>

The anti-discrimination laws that apply to this case also prohibit employers from discriminating against an employee because that employee has complained about discrimination.

To establish such a claim of retaliation, the plaintiff must prove the following four elements by a preponderance of the evidence:

> **First:** **The plaintiff must prove that she engaged in a form of protected opposition to discrimination.**

Filing a formal complaint about discrimination is one form of protected opposition to discrimination, but protected activity can be more informal, such as complaining orally about discrimination to someone who has supervisory responsibility or responsibilty for addressing such complaints. Whether or not Ms. Angel was actually the victim of discrimination, as she alleges, is irrelevant to the retaliation claim; because even if an employee was not the victim of discrimination, the law protects her against retaliation for claiming discrimination, as long as she made the claim in good faith, that is as long as she actually believed she had been a victim of discrimination.

Here, Ms. Angel alleges that she complained in several ways: first by complaining to Kirby Thompson in August 2001, second by complaining to Frances Hickey in September 2001, third by filing grievances, and finally by suing the County in this case. The County disputes that the first complaint took place, but agrees that Ms. Angel complained to Ms. Hickey, filed the grievances, and filed this lawsuit.

> **Second:** **The plaintiff must prove that the defendant knew of the protected activity.**

She is not required to show that individual decision makers within the County of Nassau, knew of her complaint or lawsuit. It is sufficient that she shows a general knowledge on the part of the agency that she engaged in protected activity in the form of complaining of discrimination.

>   **Third:**    **The plaintiff must prove that there was adverse employment action taken against her.**

An adverse employment action is an action by the employer that a reasonable person would regard as having a materially significant negative effect on the terms or conditions of employment. Here, Ms. Angel cites several adverse employment actions: the failure to promote her to Group Leader I in after August 2001, the alteration of her hours and duties in September 2001, the termination of her half-pay sick leave in March 2004, and the requirement that she return to work or lose her job in March 2004. With the exception of the failure to promote, the County disputes that any of these was an adverse employment action. As to the failure to promote, the County agrees that it constitutes an adverse employment action as I have defined it, but contends that there was a legitimate non-discriminatory reason for the action, as it does for the other actions as well.

>   **Fourth:**    **The plaintiff must prove a causal connection between a protected activity and an adverse employment actions.**

That is, she must prove that the impermissible purpose – retaliation – was a motivating factor in the employment actions she describes as adverse. In determining this question of the defendant's motivation, you should consider all the evidence in the case, including the timing of the adverse employment actions in relation to any complaints about discrimination, and the testimony of the witnesses.

I caution you that you are not to second-guess the wisdom or reasonableness of the County's employment practices or decisions. It has the right to make personnel decisions for any legitimate non-discriminatory reason so long as retaliation for complaining about discrimination was not a motivating factor in the decision at issue here. Similarly, the issue is not whether or

not the County followed its own personnel policies, or complied with collective bargaining agreement provisions. The issue on the fourth element is whether Ms. Angel has proved by preponderance of the evidence impermissible motive of retaliation.

    C.    <u>Damages</u>

If you find in favor of the plaintiff on either of her claims, then you must determine an amount that represents fair compensation for her damages. You may award compensatory damages only for injuries that the plaintiff proves, by a preponderance of the evidence, were caused by the defendant's allegedly wrongful conduct. Your award of damages, if any, will not include any damages for "front pay," meaning her wages and benefits going forward until such time as she might be ready to return to work. If that issue needs to be addressed at all, it will be addressed by me. Rather, your damages award would be for (1) actual economic damages such as lost pay and benefits or unreimbursed medical expenses, and (2) compensatory damages for the emotional pain and suffering, inconvenience, and mental anguish, if any, that the plaintiff endured.

The plaintiff has the burden of proving such damages by a preponderance of the evidence. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. Further, while the plaintiff may introduce testimony from a professional or someone else to support her claim for damages, the plaintiff's testimony alone may support such a claim. There is no exact standard for the fixing of compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

By instructing you on damages, I do not mean to suggest to you any view on my part about whether the defendant is liable at all – that decision is left entirely up to you. Of course, you will only reach the question of damages if you find the defendant liable.

### III.  CLOSING INSTRUCTIONS FOR CONDUCTING DELIBERATIONS

Keep in mind that nothing I have said in these instructions, or at any other time, is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.  As I said earlier, it is your responsibility to judge the facts in this case from the evidence admitted during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.  Now that I have explained that law, the last part of my instructions is about how to go about your deliberations as a jury.

To allow your deliberations to proceed in an orderly fashion, you should have a foreperson.  The general custom is for Juror Number 1 to act as the foreperson, but you may of course decide that another juror should perform that function.  The foreperson will be responsible for signing all communications to the court and for handing them to the deputy during your deliberations, but of course his or her vote is entitled to no greater weight than that of any other juror.

Do not communicate with anyone outside the jury room about your deliberations or about anything else touching this case.  There is only one exception to that rule:  If it becomes necessary during your deliberations to communicate with me, send a note through the deputy signed by your foreperson.  No member of the juror should ever attempt to communicate with me except by a signed writing, and I will not communicate any of you on any subject touching on the merits of the case other than by a writing or orally here in open court. – send a note.  Do <u>not</u> reveal to any person, not even in a not to me, how you stand, numerically or otherwise, on the merits of the case until you have all agreed on your verdict.

Your recollection of the evidence governs.  If you wish to have some of the testimony repeated, you may make such request, and you will be brought into the courtroom and the reporter will read those portions you desire to hear.  This can be accomplished by giving a note to my courtroom deputy.  Be as specific as you can to avoid spending time listening to a read-back of testimony you did not want, and please be patient because it sometimes takes awhile to find the testimony in the record.  You will also have the exhibits with you in the jury room during your deliberations.

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and the issues in the case as a group.  Each of you has the duty as a juror to consult with your fellow jurors, and to deliberate with a view to reaching an agreement on a verdict if you can do so without violating your individual judgment and conscience.  You should not surrender conscientious convictions of what the truth is and about the weight and effect of the evidence.  Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors.  But while each of you is entitled to your own opinion, you should freely exchange views with your fellow jurors and listen carefully to each other.  While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own.

If the plaintiff has carried her burden of proof as to her claim, and if she has established every essential element of that claim by a preponderance of the evidence, your duty is to render a verdict in the plaintiff's favor on that claim.  If the plaintiff has failed to establish any essential element of a claim by a preponderance of the evidence, your duty is to find for the defendant on that claim.

Any verdict you reach must be unanimous. You must all agree on each entry on the verdict sheet.

When you have reached a unanimous verdict, simply fill out the verdict form and then send me a note, signed by your foreperson, saying that you have a verdict. Do <u>not</u> indicate what the verdict is in your note.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing that, you completely fulfill your oaths as jurors to well and truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further that I need to tell you before asking you to begin your deliberations.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

LISA ANGEL,

                Plaintiff,

     - against -

THE COUNTY OF NASSAU,

                Defendant.

-------------------------------------------------------------X

**VERDICT SHEET**

CV 02-5817 (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions:

**Sexual Harassment – Hostile Work Environment**

QUESTION NO. 1:

    Did the Plaintiff prove that she was subjected to severe or pervasive unwelcome sexual harassment that created a hostile and abusive work environment?

        YES _____                    NO _____

**Retaliation**

QUESTION NO. 2:

    Did the Plaintiff prove that her employer took any adverse employment action against her as retaliation for her having complained of sexual harassment?

        YES _____                    NO _____

**Damages**

QUESTION NO. 3:

    **NOTE:  ONLY ANSWER QUESTIONS "3A" AND "3B" IF YOU ANSWERED "YES" TO QUESTIONS "1" OR "2" ABOVE (OR BOTH).**

A.    If your answer is "YES" to Question No. 1 or Question No. 2 above (or both), please indicate the amount of actual economic damages, if any, to which she is entitled.

    $ _____

B.    If your answer is "YES" to Question No. 1 or Question No. 2 above (or both), please indicate the amount of compensatory damages, if any, to which she is entitled.

    $ _____

INSTRUCTIONS:  Once you have completed this form, the jury's foreperson should sign and date it.  Then advise the Court by note that you have reached a verdict and that you are ready to return to the courtroom to announce your verdict.

Dated:    Central Islip, New York
        _____, 2005
        (date)

                              _____
                              FOREPERSON